UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                       Case No. 3:23-cr-116-2

vs.

TORRENCE BUSBEE,                     District Judge Michael J. Newman

    Defendant.

---

**ORDER DENYING DEFENDANT TORRENCE BUSBEE'S REQUEST FOR A HEARING PURSUANT TO *FRANKS v. DELAWARE*, 438 U.S. 154 (1978) (Doc. No. 75)**

---

Defendant Torrence Busbee was indicted on six felony counts of drug-related crimes including, among others, conspiracy to possess with intent to distribute methamphetamine, fentanyl, and cocaine; possession of a firearm in furtherance of a drug trafficking crime; and being a felon in possession of a firearm. Doc. No. 8.[1]

The case is pending on Defendant's request for a hearing—pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978)—to challenge the affidavit presented by one or more law enforcement officials in support of a search warrant application. Doc. No. 75. This request appears in Defendant's supplement to his motion to suppress. *Id.* The Government opposes Defendant's motion.[2] Doc. No. 100 at PageID 332-35. Defendant has filed a reply. Doc. No. 103. Additionally, Defendant's most recently appointed counsel adopted the motion to suppress. Doc.

---

[1] The indictment contains a total of 10 felony counts and raises one or more charges against another defendant. Doc. No. 8.

[2] During a telephone status conference held on June 17, 2025, the Government clarified that it inadvertently referred to the wrong Defendant's request for a *Franks* hearing, but it referred to the correct motion and PageID in its opposition memorandum. *See* Doc. No. 100 at PageID 332-35.

No. 117. Thus, this matter is ripe for review.

## I. Background

Defendant's *Franks* hearing motion alleges that the search warrant affidavits failed to demonstrate probable cause and support issuance of the search warrants in question. Doc. No. 75 at PageID 192. Defendant explains, "certain omissions in the contested search warrants further show that there was not probable cause for either search warrant to be issued." *Id.* Specifically, Defendant contends that the affidavits lacked information about the confidential informants' backgrounds. *Id.* at PageID 192-93. Defendant does not point to any specific affidavit or search warrant. *See id.* Defendant also does not provide any exhibits or affidavits to support his assertion. *See generally id.*

## II. Analysis

A presumption of validity attaches to a law enforcement officer's affidavit supporting a search warrant. *Franks*, 438 U.S. at 171; *see United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019). To overcome this presumption, a defendant "bears a heavy burden." *Bateman*, 945 F.3d at 1008.

"A *Franks* hearing gives a defendant an opportunity to show that a search-warrant affidavit contains knowing, intentional, or reckless misrepresentations that undermine the finding of probable cause." *United States v. Dutton*, No. 24-5200, 2025 WL 769639, at *4 (6th Cir. Mar. 11, 2025) (citing *Franks*, 438 U.S. at 171). The Court must hold a *Franks* hearing when a defendant: "'1) makes a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit; and 2) proves that the false statement or material omission is necessary to the probable cause finding in the affidavit.'" *United States v. Young*, 847 F.3d 328, 348-49 (6th Cir. 2017) (quoting

*United States v. Pirosko*, 787 F.3d 358, 369 (6th Cir. 2015)). In the Sixth Circuit, "there is a higher bar for obtaining a *Franks* hearing on the basis of an allegedly material omission as opposed to an allegedly false affirmative statement." S*ee United States v. Fowler*, 535 F.3d 408, 415 (6th Cir. 2008). Alleged material omissions are "held to a higher standard because of the 'potential for endless rounds of *Franks* hearings' due to 'endless conjecture about investigative leads, fragments of information, or other matter that might, if included, have redounded to defendant's benefit.'" *Id.* (quoting *United States v. Martin*, 920 F.2d 393, 398 (6th Cir. 1990)). Defendant "must accompany his allegations with an offer of proof. Moreover, he also should provide supporting affidavits or explain their absence." *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990) (citations omitted).

Turning to Defendant's contentions, he does not argue that the alleged omitted information was excluded with the intention to mislead. *See* Doc. No. 75. This alone constitutes reason enough to deny his request for a *Franks* hearing. *See Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998) ("[E]xcept in the *very* rare case where the defendant makes a strong preliminary showing that the affiant *with an intention to mislead* excluded critical information from the affidavit, and the omission is critical to the finding of probable cause, *Franks* is inapplicable to the omission of disputed facts" (emphasis in original)). Defendant also did not provide any "supporting affidavits or explain their absence" to support his argument that the affidavits lacked information about the confidential informants' backgrounds. *United States v. Bennett*, 905 F.2d at 934; Doc. No. 75 at PageID 191-93. Accordingly, Defendant has not made a substantial preliminary showing that any omission by an affiant is false, misleading, or made with reckless disregard for the truth. *See* Doc. No. 75. Consequently, his request for a *Franks* hearing lacks merit. *See Young*, 847 F.3d at 348-49; *Bateman*, 945 F.3d at 1008.

### III.  Conclusion

Defendant's request for a *Franks* hearing is **DENIED**.  The Court intends to proceed to rule on the pending motion to suppress.  Oral argument on that motion was previously held.

**IT IS SO ORDERED.**

October 8, 2025                                                                                s/*Michael J. Newman*
                                                                                                     Hon. Michael J. Newman
                                                                                                     United States District Judge